**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DANIEL UFARES,

                            Petitioner,

      - v -                                 Civ. No. 9:14-cv-00330
                                                     (GLS/RFT)

THOMAS LAVALLEY,

                            Respondent.

**APPEARANCES:**                           **OF COUNSEL:**

DANIEL UFARES
10-B-0696
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN         LISA E. FLEISCHMANN, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Petitioner Daniel Ufares seeks a Writ of *Habeas Corpus* on two grounds:

1) he "did not waive his right to appeal since he did not understand such waiver" and

2) the sentence imposed was "harsh and severe since no weapon was used or

displayed." Dkt. No. 1, Pet. at p. 5.

Because Petitioner seeks a Writ of *Habeas Corpus* on state law grounds, it is recommended that his Petition be dismissed for failure to state a cognizable federal right. 28 U.S.C. § 2254(a). It is firmly established that an excessive sentence claim may not be raised as grounds for *habeas corpus* relief if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); *see also Jackson v. Lacy*, 74 F. Supp. 2d 173, 181 (N.D.N.Y. 1999) ("It is well-settled . . . that a prisoner may not challenge the length of a sentence that does not exceed the maximum set by state law.").[1]

To the extent Petitioner's claim could arguably be viewed as a challenge under the Eighth Amendment's prohibition of cruel and unusual punishment, that claim also fails. The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003). It is well-established that a sentence of imprisonment that is within the limits of a valid state statute is not cruel and unusual punishment in the constitutional sense. *See White v. Keane*, 969 F.2d at 1383; *Lou v. Mantello*, 2001 WL 1152817, at *13 (E.D.N.Y. Sept. 25, 2001). Since Petitioner's sentence was plainly within the limits authorized by statute, and was not

---

[1] A determinate sentence for a second violent felony offender convicted of a class C felony "must be at least seven years and must not exceed fifteen years." N.Y. PENAL LAW §70.4(3)(b).

grossly disproportionate to the crime of conviction, this ground of the Petition should be denied. Lastly, Petitioner's claim that his waiver of appeal is invalid fails to state a cognizable federal right. As a result, the Court recommends denying the Petition.

## CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 20, 2015
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge